Mary H. Downey v. Commissioner.
Mary H. Downey v. Commissioner
Docket No. 29774.
United States Tax Court
1952 Tax Ct. Memo LEXIS 302; 11 T.C.M. (CCH) 203; T.C.M. (RIA) 52317; March 6, 1952
*302 Gift tax: Exclusion: Present interest: Section 1003 (b) (3). - A transfer in trust for a one-and-a-half-year-old child, the funds to be held or disbursed for necessary purposes at discretion of trustee, is a transfer of a future interest and section 1003 (b) (3) does not grant any exclusion. Lawrence Graves, Esq., and William J. Harris, Esq., for the petitioner. William G. O'Neill, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: Respondent determined a deficiency of $247.50 in gift tax for 1948. The only question is whether a gift of a bank deposit in trust for a minor child was a gift of a present interest so that the $3,000 exclusion applies. Findings of Fact The stipulated facts are so found. The petitioner filed a gift tax return for 1948 with the collector of internal revenue for the first district of New York. Prior to October 20, 1948, petitioner maintained eleven savings bank accounts in her own name as trustee for various relatives, i.e. her husband, two daughters, three grandchildren and one great-grandchild. On October 18 and 20, 1948, and after her husband's death, petitioner closed out these *303 accounts and with the proceeds established sixteen new accounts in the aggregate amount of $65,000.03. Of these new accounts fifteen were taken out directly in the names of her various relatives to whom she wished to make gifts of the amounts involved. Bankbooks evidencing these accounts were turned over to the persons in whose names they were established. The donees were all adults with the exception of a granddaughter who was fourteen. The sixteenth account, the one here involved, was opened with a deposit of $4,065.38 in the name of "Marion D. Gretsch in trust for Mary Ann Flemm." Mary Ann was one and a half years old at the time the account was opened. Marion D. Gretsch was Mary Ann's maternal grandmother and the daughter of petitioner. The bankbook for this account was delivered to the named trustee. No written trust instrument was executed covering the setting up of the account for Mary Ann. Petitioner made the gift in trust because she felt Mary Ann was too young to handle money. Petitioner's intention, which was understood by the trustee, was that the trustee take charge of the account and turn it over to Mary Ann when she reached twenty-one, except that in the meantime *304 the trustee could in her discretion make expenditures for necessary and essential things for Mary Ann such as expenses of a serious illness or a college education. The trustee did not have to comply with requests of Mary Ann for funds in the account. At the time of the gift, Mary Ann's parents were not wealthy and her grandparents contributed to their support. Her grandmother, the trustee, intended to use the money in the account before Mary Ann became twenty-one (when it was to be turned over to her) only in the event she or Mary Ann's parents did not have funds of their own with which to meet Mary Ann's necessary expenses. No trust funds had been disbursed at the date of the hearing. Opinion The facts of this case make it stronger for respondent than Arthur C. Stifel, Jr., 17 T.C. - (No. 71). The point there was whether a power in the beneficiary to terminate the trust and take the corpus and income constituted the transfer one of a present interest. We held it did not. No such power exists here and we do not need to reach the point decided in Stifel, Jr. Short of that point the case a fortiori is one involving the transfer of a future interest. Here we have found that *305 the trust funds were to be retained or disbursed for necessary and essential things in the discretion of the trustee, and then only if funds were not otherwise available from the beneficiary's parents or her grandmother. There is nothing in the facts to indicate ample funds for these purposes would not be otherwise available. None of the trust funds have been expended. In these circumstances the transfer was of a future interest under the decided cases, and we so hold. ; ; ; ; Arthur C. Stifel, Jr., supra. Decision will be entered for the respondent